Filed 1/21/25  In re M.W. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>M.W.,<br><br>　　　　Defendant and Appellant. | E083586<br><br>(Super.Ct.No. J299803)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Stephanie Thornton-Harris, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant M.W. (minor) admitted an allegation that he committed battery upon the victim "resulting in infliction of serious bodily injury specifically by punching him repeatedly while on the ground."  (Pen. Code, § 243, subd. (d), count 2.)  The juvenile court placed minor with his parents as a ward of the court on various terms and conditions of probation.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying four potentially arguable issues:  (1) whether minor's plea was knowing and voluntary; (2) whether the court erred in failing to sufficiently inquire into minor's understanding of the proceedings; (3) whether minor's plea lacked a factual basis; and (4) whether we should remand the case to allow minor to file a motion to withdraw the plea.

We offered minor the opportunity to file a personal supplemental brief, which he has not done.  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Minor punched the victim multiple times, while the victim was on the ground.  Another assailant kicked the victim at the same time.  The victim attempted to get up several times.  A bystander told minor to stop fighting, but minor continued.  The victim required surgery for his injuries; doctors were planning a potential second surgery to include a possible hip replacement.  The fight was recorded by a surveillance camera.

The People filed a juvenile wardship petition on January 29, 2024, alleging minor had committed assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4), count 1).

Minor reported that he did not have an IEP. Minor's father and counsel reported that minor did have an IEP. Both minor and his father reported that he had ADHD, for which he did not take any medication. Both minor and his father reported that he did not have any physical or developmental disabilities.

On January 30, 2024, the juvenile court detained minor with temporary placement of minor vested with the probation officer.

On February 13, 2024, the People moved to amend the petition to add a count of battery with serious bodily injury (Pen. Code § 243, subd. (d), count 2). The court granted the motion.

Upon questioning by the court, minor indicated he understood the battery allegation, that he had discussed the allegation and any possible defenses with counsel, and that he did not need any further time to speak with his attorney before entering an admission. The court went over minor's constitutional rights with him, all which minor said he understood. The parties agreed that if minor admitted the battery allegation, the assault allegation would be dismissed and minor would receive ward probation.

The parties stipulated to a factual basis. Minor admitted that on or about January 22, 2024, he committed the crime of battery "resulting in infliction of serious bodily injury specifically by punching [the victim] repeatedly while on the ground."

3

The court found that minor understood "his right to counsel, his right to remain silent, his right to a trial, to see, hear and confront evidence at the trial and to have evidence subpoenaed on his behalf. [¶] He's knowingly, intelligently and voluntarily waived those rights. He understands the nature of the petition and the possible consequences of his admission." The court found minor had committed the offense of battery with serious bodily injury and dismissed the count 1 allegation.

On March 5, 2024, the victim's mother read a victim impact report in which she indicated, among other things, that the victim had an upcoming surgery for a hip replacement. Another individual read the victim's own personal impact report into the record; the victim alleged that the altercation resulted in his hip being dislocated, at least part of which, was irreparable. The victim indicated he has trouble showering and sleeping. He would probably never play sports again. "I'm not as confident as I use[d] to be. Somedays leave me feeling like I[']m worthless."

The court responded, "I don't know why this happened, but what happened is completely unacceptable. The impact of [minor's] conduct that day just reverberates, and I agree with Mom here." "I have no idea what you were doing, but you changed [the victim's] life irrevocably. He has to have a hip replacement, and he's not even 18. He won't be able to do the sports you'll be able to do." "His life is changed. He's not going to be able to do the things you're going to be able to do. I don't know on what planet you would think it's okay, not only to start a fight like this, but to keep kicking and punching once he's down. That's the thing that is so crazy about it. It's beyond cruel."

The court ordered minor placed with his parents as a ward of the court on various terms and conditions of probation. The court continued the matter for preparation of memorandum on the issue of victim restitution.

On March 22, 2024, the court appointed minor counsel for the purpose of withdrawing minor's admission. On March 28, 2024, minor filed an appeal from the court's findings of February 13, 2024.[1]

## II. DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

---

[1] Counsel apparently did not file a motion to withdraw minor's admission, at least not prior to counsel's filing of the notice of appeal. The notice of appeal also specifies it concerns the juvenile court's order of probation, though that occurred on March 5, 2024.